UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-cv-25155-UU

LAZARO LOPEZ, ELOY BURGUES,
GIAN CARLOS ARENCIBA and LAZARO PEREZ,
 on behalf of themselves, individually, and on behalf
of all others similarly situated who consent to their
inclusion,

    Plaintiffs,

vs.

SOLAR BEAR SERVICES LLC,
ELITE HVAC GROUP, LLC, AIR PROS BLUE
STAR, LLC, DOUGLAS PARTNERS, LLC,
DUANE RAPSON, DOUGLAS PERERA, SR.,
DOUGLAS PERERA, JR. and AIR PROS, LLC,

    Defendants.
_____/

## **AIR PROS BLUE STAR, LLC ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, AIR PROS BLUE STAR, LLC, files its Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

### **JURISDICTION AND VENUE**

1. Defendant admits that Plaintiffs purport to bring a legal action against Defendant but denies any wrongdoing or liability.

2. Defendant admits that this Court has jurisdiction over this matter but denies any wrongdoing or liability or that any damages occurred.

3. Defendant consents to venue in this Court but denies any wrongdoing or liability.

4. Denied.

### **PARTIES**

5. Denied.

6. Without knowledge as to LOPEZ's residence, therefore denied. Denied that LOPEZ ever worked for Defendant.

7. Without knowledge as to BURGEUS's residence, therefore denied. Denied that BURGUES ever worked for Defendant.

8. Without knowledge as to ARENCIBIA's residence, therefore denied. Denied that ARENCIBIA ever worked for Defendant.

9. Without knowledge as to PEREZ's residence, therefore denied. Denied that PEREZ ever worked for Defendant.

10. Without knowledge as to Plaintiffs' residences, therefore denied. Denied that any Plaintiffs were ever employees of Defendant.

11. Denied.

12. Denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Admitted.

16. Denied.

17. Admitted.

18. Denied.

19. Without knowledge as to the annual gross collective income of the co-defendants, therefore denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Denied.

23. Denied.

12401 ORANGE DRIVE · SUITE 123 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

24. Denied. Further denied that Douglas Perera, LLC is a named party to this action.

25. Denied.

26. Denied.

27. Denied.

### CLASS DEFINITIONS

28. Admit that Plaintiffs attempt to bring such a claim against Defendant but denied as to any wrongdoing or liability. Further denied that any Plaintiffs were ever employed by Defendant.

29. Denied.

30. Without knowledge as to Plaintiffs' beliefs, therefore denied.

31. Denied. Further denied that any Plaintiffs were ever employed by Defendant.

### GENERAL ALLEGATIONS

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

### COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

38. Admit that Plaintiffs attempt to bring such a claim against Defendant but denied as to any wrongdoing or liability. Further denied that any Plaintiffs were ever employed by Defendant.

39. Denied.

40. Denied.

41. Without knowledge as to Plaintiffs' belief, therefore denied. Further denied that any Plaintiffs were ever employed by Defendant.

42. Denied.

43. Denied (including all subparts). Further denied that any Plaintiffs were ever employed by Defendant.

44. Denied.

45. Denied. Further denied that any Plaintiffs were ever employed by Defendant.

46. Denied. Further denied that any Plaintiffs were ever employed by Defendant.

47. Denied. Further denied that any Plaintiffs were ever employed by Defendant.

48. Denied. Further denied that any Plaintiffs were ever employed by Defendant.

49. Denied. Further denied that any Plaintiffs were ever employed by Defendant.

## COUNT I

**Failure to Pay Overtime Compensation in Violation of the FLSA 29 U.S.C. § 207**

50. Defendant incorporates by reference its answers to paragraphs 1 through 49 as if fully set forth herein.

51. Denied. Further denied that any Plaintiffs were ever employed by Defendant.

52. Denied. Further denied that any Plaintiffs were ever employed by Defendant.

53. Denied. Further denied that any Plaintiffs were ever employed by Defendant.

54. Denied. Further denied that any Plaintiffs were ever employed by Defendant.

55. Denied. Further denied that any Plaintiffs were ever employed by Defendant.

Defendant denies that Plaintiffs are entitled to any relief in the Wherefore Clause, including all subparts.

## **AFFIRMATIVE AND OTHER DEFENSES**

Subject to and without waiving the above denials, Defendant alleges the following further and separate defenses and affirmative defenses. In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to

prove.

### First Affirmative Defense

Plaintiffs' claims are barred as Defendant has never been Plaintiffs' employer under the meaning of the FLSA. Defendant has never employed any Plaintiffs nor have any Plaintiffs ever rendered service to or on behalf of Defendant.

### Second Affirmative Defense

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs' claims are barred, in whole or in part, because their own acts or omissions caused or contributed to any alleged losses or injuries.

### Third Affirmative Defense

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs failed to mitigate their damages.

### Fourth Affirmative Defense

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs' FLSA claims are barred in that the Defendant acted in good faith and had a policy requiring Plaintiffs to report any unpaid wages or overtime; Plaintiffs unreasonably failed to take advantage of this policy and failed to notify Defendant that they felt they were owed unpaid overtime.

**Fifth Affirmative Defense**

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs are barred from the relief Plaintiffs seek by virtue of the following:

> A. The doctrine of estoppel.
>
> B. The doctrine of waiver.
>
> C. The improper actions of Plaintiffs in failing to comply with the Defendant's policies and the directives of their superiors.

If the facts reveal that Plaintiffs engaged in efforts to alter their time record or the time records of others, intentionally furnished false data to Defendant regarding their work activities or time worked, intentionally understated their time worked, failed to report time worked during their employment, or in any other way violated the established policies of Defendant with regard to employment or timekeeping practices, Plaintiffs should be estopped from recovering on any claim related to such violation of policy or from asserting a claim for liquidated damages. For the same reason, Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**Sixth Affirmative Defense**

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Defendant is relieved of any liability to Plaintiffs due to Defendant's good faith conformance and reliance on a written order, ruling, approval or interpretation by the Administrator of the Wage/Hour Division, Department of Labor and other relevant authorities.

### Seventh Affirmative Defense

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs are not entitled to recover liquidated damages, costs, or attorney's fees because Defendant acted in good faith and at no time during Plaintiffs' employment or thereafter until the filing of this lawsuit did Plaintiffs ever allege or bring to Defendant's attention the fact that Plaintiffs felt they were owed any overtime pay for which Plaintiffs were not paid.

### Eighth Affirmative Defense

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, any recovery by Plaintiffs and/or Plaintiffs' damages, if any, must be offset by (1) any amounts the Defendant paid Plaintiffs for hours which were not actually worked by Plaintiffs; (2) any other overpayments made by Defendant to Plaintiffs; and (3) any amounts or benefits paid to Plaintiffs for lost wages, compensatory damages or fees from any other source.

### Ninth Affirmative Defense

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, to the extent Plaintiffs were entitled to overtime and were not paid, such overtime worked by Plaintiffs beyond their compensated workweek, or any amount of unpaid wages, was *de minimis*.

**Tenth Affirmative Defense**

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, if Plaintiffs were entitled to overtime, Plaintiffs are only entitled to overtime at the half-pay rate. Alternatively, Plaintiffs are only entitled to the federal minimum wage for any hours they claimed to be on call (if that time was compensable) and, therefore, they are only entitled to overtime at the rate of 1.5 times the federal minimum wage or, at most, 1.5 times of the weighted average of their hourly rate and the federal minimum wage.

**Eleventh Affirmative Defense**

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs' claims are barred, in whole or in part, on the basis that, in the event Defendant violated the FLSA, Defendants' actions and/or the actions of its agents or employees were taken in good faith and were neither willful nor reckless.

**Twelfth Affirmative Defense**

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs' claims for overtime wages fail as a matter of law either because Plaintiffs have not worked any overtime hours in a workweek or for any workweek in which Plaintiffs worked overtime hour, they were properly paid for all overtime hours worked.

**Thirteenth Affirmative Defense**

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs have failed to meet the necessary standard for an award of liquidated damages and are therefore not entitled to an award of liquidated damages as any violation of the FLSA was the result of a good faith belief that Plaintiffs were paid all of the money to which they were entitled.

**Fourteenth Affirmative Defense**

Defendant denies it ever employed any Plaintiffs committed any unlawful actions with respect to Plaintiffs or that Plaintiffs are entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs are not entitled to any relief under the FLSA because they were justly compensated for all time they suffered or permitted to work.

WHEREFORE, Defendant respectfully requests that this Court: (i) Enter judgment in its favor and against Plaintiffs; (ii) Award Defendant the costs of suit herein; (iii) Award Defendant its reasonable attorney's fees as may be determined by the Court; and (iv) Grant such other and further relief as this Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 24, 2020, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF and that the foregoing document is being served this day on all counsel or parties of record via transmission of a Notice of Electronic Filing generated by CM/ECF.

By: <i>/s/ Valerie B. Barnhart</i><br>
Valerie B. Barnhart, Esq.<br>
Florida Bar No. 88549<br>
valerie@pba-law.com