UNITED STATES DISTRICT COURT
SOUTHRN DISTRICT OF FLORIDA
CASE NO.: 19-cv-25155-UU

LAZARO LOPEZ, ELOY BURGUES,
GIAN CARLOS ARENCIBIA, AND
LAZARO PEREZ, on behalf of themselves,
individually, and on behalf of all others
similarly situated who consent to their inclusion
in a Collective Action

      Plaintiffs,

v.

SOLAR BEAR SERVICES, LLC., a Florida Company;
ELITE HVAC GROUP, LLC., a Florida Company;
AIR PROS BLUE STAR, LLC., a Florida Company;
AIR PROS, LLC., a Florida Company;
DOUGLAS PARTNERS, LLC., a Florida Company;
DUANE RAPSON, individually; DOUGLAS PERERA SR.,
individually; and DOUGLAS PERERA JR., individually

      Defendants.
_____/

## AMENDED JOINT SCHEDULING REPORT

Pursuant to Southern District of Florida Local Rule 16.1(b) and the Court's *sua sponte* Order Setting Initial Planning and Scheduling Conference dated December 28, 2019 [DE 5], Plaintiffs, LAZARO LOPEZ, ELOY BURGUES, GIAN CARLOS ARENCIBIA, and LAZARO PEREZ (hereafter collectively referred to as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, and Defendants, SOLAR BEAR SERVICES, LLC., a Florida Company, ELITE HVAC GROUP, LLC., a Florida Company, AIR PROS BLUE STAR, LLC., a Florida Company, AIR PROS, LLC., a Florida Company, DOUGLAS PARTNERS, LLC., a Florida Company, DUANE RAPSON, individually, DOUGLAS PERERA SR., individually, and DOUGLAS PERERA JR. (hereafter

collectively referred to as "Defendants") by and through respective undersigned counsel, hereby provide the following Joint Scheduling Report:

**1. Plain Statement of the Nature of the Claim and Alleged Damages Claimed**

This is a civil action wherein the Plaintiffs allege that the Defendants owe them unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and unpaid minimum wages pursuant to Florida Statute § 448.110 ("FMWA). Defendant denies the allegations contained in Plaintiffs' Complaint. Specifically, Defendants Air Pros, LLC and Air Pros Blue Star, LLC deny ever being Plaintiffs' employer. As such, Defendants deny that Plaintiffs are entitled to any relief.

Plaintiffs allege the following damages:

**Lazaro Perez**
1. Employed from May of 2019 through December of 2019.
2. During that period-of-time Plaintiff was paid $10.50 per hour.
3. Plaintiff was paid the overtime hours worked also at $10.50.
4. Plaintiff's half-time rate is $5.25 per hour.
5. Plaintiff was not paid the half-time for any hours worked over 40 per week.
6. Plaintiff worked approximately 840 hours of overtime from May of 2019 through December of 2019.
7. At the half time rate of $5.25 per overtime hour multiplied by the 840 hours of overtime during the period in question, the Plaintiff is owed $4,410.00 of overtime pay.
8. As the Defendant willfully violated the Fair Labor Standards Act, the Defendant, owes Plaintiff a liquidated total of $8,820.00.

**Lazaro Lopez**
1. Employed from 2014 through December of 2019.
2. The overtime period in question is from December 14, 2017 through December of 2019.
3. During that period-of-time Plaintiff was paid $22.00 per hour.
4. Plaintiff was paid the overtime hours worked also at $22.00 per hour.
5. Plaintiff's half-time rate is $11.00 per hour.
6. Plaintiff was not paid the half-time for any hours worked over 40 per week.
7. Plaintiff worked approximately 1560 hours of overtime from December 14, 2017 through December of 2019.
8. At the half time rate of $11.00 per overtime hour multiplied by the 1560 hours of overtime during the period in question, the Plaintiff is owed $17,160.00 of overtime pay.
9. As the Defendant willfully violated the Fair Labor Standards Act, the Defendant, owes Plaintiff a liquidated total of $34,320.00.

CASE NO. 19-cv-25155-UU

**Gian Carlos Arencibia**
1. Employed from August of 2019 through December of 2019.
2. During that period-of-time Plaintiff was paid $15.00 per hour.
3. Plaintiff was paid the overtime hours worked also at $15.00.
4. Plaintiff's half-time rate is $7.50 per hour.
5. Plaintiff was not paid the half-time for any hours worked over 40 per week.
6. Plaintiff worked approximately 300 hours of overtime from May of 2019 through December of 2019.
7. At the half time rate of $7.50 per overtime hour multiplied by the 300 hours of overtime during the period in question, the Plaintiff is owed $2,250.00 of overtime pay.
8. As the Defendant willfully violated the Fair Labor Standards Act, the Defendant, owes Plaintiff a liquidated total of $4,500.00.

**Eloy Burgues***
1. Employed from June of 2017 through December 17, 2019.
2. The overtime period in question is from December 14, 2017 through December 17, 2019.
3. During that period-of-time Plaintiff was paid $17.00 per hour.
4. Plaintiff was paid the overtime hours worked also at $17.00.
5. Plaintiff's half-time rate is $8.50 per hour.
6. Plaintiff was not paid the half-time for any hours worked over 40 per week.
7. Plaintiff worked approximately 2,704 hours of overtime from December 14, 2017 through December 17, 2019.
8. At the half time rate of $7.50 per overtime hour multiplied by the 2,704 hours of overtime during the period in question, the Plaintiff is owed $ 22,984.00 of overtime pay.
9. As the Defendant willfully violated the Fair Labor Standards Act, the Defendant, owes Plaintiff a liquidated total of $45,968.00

Defendants disputes these claims. Specifically, Defendants Air Pros, LLC and Air Pros Blue Star, LLC deny ever being Plaintiffs' employer. Even if Defendants Air Pros, LLC and Air Pros Blue Star, LLC are determined to be Plaintiffs' employer, Defendants Air Pros, LLC and Air Pros Blue Star, LLC assert that they acted in good-faith where a policy existed requiring Plaintiffs to report any unpaid wages and/or overtime which was not utilized; that facts may reveal that Plaintiffs engaged in efforts to alter their time records and/or the records of others; that Plaintiffs failed to keep proper track of work hours through the available timekeeping systems; that Defendants acted in good-faith by conforming and relying on orders and/or rulings published by the Department of Labor; that Plaintiffs may be overpaid by Defendants and, as such, such overpayments must be applied to any alleged damages; that if any hours are due and owing, Defendants are shield by the *de minimis* doctrine; that if any hours are due and owing, Plaintiffs are subject to a weighted average of their hourly rate and the federal minimum wage; and Defendants reserve the right to include further defenses as this matter proceeds.

**2.    Brief Summary of Uncontested Facts and Stipulations**

Plaintiffs seek unpaid wages through the FLSA and FMWA.

**3.    Summary of the Issues as Presently Known**

    a) Whether Plaintiffs were employed by Defendant Air Pros, LLC and, if not, what entity is;

    b) Whether Plaintiffs were employed by Defendant Air Pros Blue Star, LLC and, if not, what entity is;

    c) If Plaintiffs were employed by either Defendants Air Pros, LLC and Air Pros Blue Star, LLC, whether Plaintiffs are owed any unpaid overtime compensation pursuant to the FLSA;

    d) If Plaintiffs were employed by either Defendants Air Pros, LLC and Air Pros Blue Star, LLC, whether Plaintiffs are owed any unpaid overtime compensation pursuant to the FMWA;

    e) If Plaintiffs were employed by either Defendants Air Pros, LLC and Air Pros Blue Star, LLC, whether Defendants Air Pros, LLC and Air Pros Blue Star, LLC willfully and intentionally refused to pay Plaintiffs overtime in accordance with the FLSA;

    f) If Plaintiffs were employed by either Defendants Air Pros, LLC and Air Pros Blue Star, LLC, whether Defendants Air Pros, LLC and Air Pros Blue Star, LLC willfully and intentionally refused to pay Plaintiffs minimum wages in accordance with the FMWA;

    g) Whether Defendant acted in good faith;

        h) Whether Plaintiffs are entitled to the relief sought in the Complaint.

**4. <u>Limitations on Discovery</u>**

None at this time.

The Parties do not anticipate any material discovery of electronically stored information and agree to initially produce such information, as applicable, in PDF format. However, any party may request any document in native format with metadata intact, at the time a discovery request is made or after the PDF versions of the documents have been received. The producing party may assert any objections it may have to production in native format.

The Parties request that the Court enter an Order under Fed. R. Evid. 502 stating the following:

> The production of privileged or work-product protected documents, electronically stored information (ESI) or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceedings. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).
>
> Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness or segregation of privileged protected information before production.

**5. <u>Detailed Schedule of Discovery for Each Party</u>**

The parties anticipate serving written discovery requests, taking depositions, and propounding any necessary third-party discovery before the proposed discovery deadline of May 20, 2020.

**6. <u>Proposed Deadlines to Join Parties, to Amend Pleadings, to File and Hear Motions, and to Complete Discovery</u>**

The Parties respectfully direct this Honorable Court's attention to the dates set forth in the Parties' Proposed Scheduling Order.

CASE NO. 19-cv-25155-UU

**7.     Proposed Dates for Final Pre-Trial Conference and Trial**

The Parties respectfully direct this Honorable Court's attention to the dates set forth in the Parties' Proposed Scheduling Order. The Parties are not presently aware of the need for any other conference before trial.

**8.     Projected Time Necessary for Trial and Statement of Jury or Non-Jury Trial**

The Parties estimate that a trial in this matter will last 3-5 days depending on the number of plaintiffs ultimately joining this action and any interpreter needs during the course of trial. Plaintiffs have requested a jury trial.

**9.     Pending Motions**

None at this time.

**10.    Unique Legal or Factual Aspects of the Case Requiring Special Consideration by the Court**

None at this time.

**11.    Any Potential Need for References to a Special Master or Magistrate**

The parties have agreed to have discovery motions heard by the Magistrate Judge.

**12.    Status and Likelihood of Settlement**

The Parties will attempt to resolve this matter between themselves and/or via mediation. The Parties state that the likelihood of settlement is unknown at this time.

**13.    Other Information Required by Local Rule 16.1(B)**

The parties are not aware of any other information under Local Rule 16.1(b) that is required at this time.

CASE NO. 19-cv-25155-UU

Respectfully submitted on February 3, 2020.

*s/ Brody M. Shulman*
J. Freddy Perera, Esq.
Florida Bar No. 93625
E-mail: *freddy@pba-law.com*
Valerie Barnhart, Esq.
Florida Bar No. 88549
E-mail: *valerie@pba-law.com*
Brody M. Shulman, Esq.
Florida Bar No. 092044
E-mail: *brody@pba-law.com*
PERERA BARNHART ALEMAN
12555 Orange Drive
Second Floor
Davie, FL 33330
Telephone: (786) 485-5232

*Attorneys for Defendants*
*Air Pros, LLC and*
*Air Pros Blue Star, LLC*

s/
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com

Gallardo Law Office, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

*Attorneys for Plaintiffs*

CASE NO. 19-cv-25155-UU

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

_____
Elvis J. Adan, Esq.

## SERVICE LIST
**United States District Court for the Southern District of Florida**
*Lazaro Lopez, et al. v. Solar Bear Services, LLC, et. al.*
**CASE NO.: 19-CV-25155-UU**

| | |
|---|---|
| J. Freddy Perera, Esq.<br>Florida Bar No. 93625<br>E-mail: *freddy@pba-law.com*<br>Valerie Barnhart, Esq.<br>Florida Bar No. 88549<br>E-mail: *valerie@pba-law.com*<br>Brody M. Shulman, Esq.<br>Florida Bar No. 092044<br>E-mail: *brody@pba-law.com*<br>PERERA BARNHART ALEMAN<br>12555 Orange Drive<br>Second Floor<br>Davie, FL 33330<br>Telephone: (786) 485-5232<br><br>*Attorneys for Defendants*<br>*Air Pros, LLC and*<br>*Air Pros Blue Star, LLC* | Elvis J. Adan, Esq.<br>Florida Bar No. 24223<br>Email: elvis.adan@gallardolawyers.com<br><br><br><br><br><br><br><br>Gallardo Law Office, P.A.<br>8492 SW 8th Street<br>Miami, Florida 33144<br>Telephone: (305) 261-7000<br>Facsimile: (305) 261-0088<br><br>*Attorneys for Plaintiffs* |