UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-cv-25155-UU

LAZARO LOPEZ, ELOY BURGUES,
GIAN CARLOS ARENCIBA and
LAZARO PEREZ, on behalf of themselves,
individually, and on behalf of all others
similarly situated who consent to their
inclusión in a Collective Action

      Plaintiffs,

vs.

SOLAR BEAR SERVICES, LLC, a Florida Company;
ELITE HVAC GROUP, LLC, a Florida Company;
AIR PROS BLUE STAR, LLC, a Florida Company;
AIR PROS LLC, a Florida Company; AIR PROS
SOLUTIONS, LLC, a Delaware Company; and
DUANE RAPSON, individually,

      Defendants.
_____/

**DEFENDANT AIR PROS, LLC'S ANSWER AND STATEMENT OF DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, AIR PROS, LLC ("Defendant"), files its Answer and Statement of Defenses to Plaintiffs' Second Amended Complaint [ECF No. 52] as follows:

**JURISDICTION AND VENUE**

1. Defendant admits that this Court has subject matter jurisdiction over certain claims arising out of alleged violations of 29 U.S.C. § 207, but denies that it violated that or any other statute, denies that it engaged in wrongdoing, and denies that Plaintiffs are entitled to any relief whatsoever.

2. Defendant admits that it conducts business in Miami-Dade County, Florida, but denies that it caused or is liable for any alleged damages at issue in this action. Defendant denies the remaining allegations contained in Paragraph 2 of the Second Amended Complaint.

3. Defendant admits that venue is proper before this Court, but denies the remaining allegations contained in Paragraph 3 of the Second Amended Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Second Amended Complaint.

## **PARTIES**

5. Defendant denies the allegations contained in Paragraph 5 of the Second Amended Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff, Lazaro Lopez's residence and, therefore, denies the allegations contained in Paragraph 6 of the Second Amended Complaint relating thereto. Defendant denies the remaining allegations contained in Paragraph 6 of the Second Amended Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff, Eloy Burgues's residence and, therefore, denies the allegations contained in Paragraph 7 of the Second Amended Complaint relating thereto. Defendant denies the remaining allegations contained in Paragraph 7 of the Second Amended Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff, Gian Carlos Arencibia's residence and, therefore, denies the allegations contained in Paragraph 8 of the Second Amended Complaint relating thereto. Defendant denies the remaining allegations contained in Paragraph 8 of the Second Amended Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff, Lazaro Perez's residence and, therefore, denies the allegations contained in Paragraph 9 of the Second Amended Complaint relating thereto. Defendant denies the remaining allegations contained in Paragraph 9 of the Second Amended Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's respective residences and, therefore, denies the allegations contained in Paragraph 10 of the Second Amended Complaint relating thereto. Defendant denies the remaining allegations contained in Paragraph 10 of the Second Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Second Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Second Amended Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Second Amended Complaint and, therefore, denies those allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Second Amended Complaint and, therefore, denies those allegations.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Second Amended Complaint and, therefore, denies those allegations.

16. Defendant admits the allegations contained in Paragraph 16 of the Second Amended Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Second Amended Complaint and, therefore, denies those allegations.

18. Defendant denies the allegations contained in Paragraph 18 of the Second Amended Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Second Amended Complaint and, therefore, denies those allegations.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Second Amended Complaint and, therefore, denies those allegations.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Second Amended Complaint and, therefore, denies those allegations.

22. Defendant denies the allegations contained in Paragraph 22 of the Second Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Second Amended Complaint.

**CLASS DEFINITIONS**

24. Defendant admits that Plaintiffs attempt to bring claims on behalf of a Collective Class, but denies that it engaged in any wrongdoing whatsoever, denies that a Collective Class is proper, and denies the remaining allegations contained in Paragraph 24 of the Second Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Second Amended Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Second Amended Complaint and, therefore, denies those allegations.

27. Defendant denies the allegations contained in Paragraph 27 of the Second Amended Complaint.

## GENERAL ALLEGATIONS

28. Defendant denies the allegations contained in Paragraph 28 of the Second Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Second Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Second Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Second Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Second Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Second Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

34. Defendant admits that Plaintiffs attempt to bring claims on behalf of a Collective Class, but denies that it engaged in any wrongdoing whatsoever, denies that a Collective Class is

proper, and denies the remaining allegations contained in Paragraph 34 of the Second Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Second Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Second Amended Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Second Amended Complaint and, therefore, denies those allegations.

38. Defendant denies the allegations contained in Paragraph 38 of the Second Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Second Amended Complaint, including each of its sub-parts.

40. Defendant denies the allegations contained in Paragraph 40 of the Second Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Second Amended Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Second Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Second Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Second Amended Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Second Amended Complaint.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA 29 U.S.C. § 207

46. Defendant incorporates by reference its answers and denials to paragraphs 1 through 46 as if fully set forth herein.

47. Defendant denies the allegations contained in Paragraph 47 of the Second Amended Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Second Amended Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Second Amended Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Second Amended Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Second Amended Complaint.

With respect to the unnumbered WHEREFORE clause following Paragraph 51 of the Second Amended Complaint, including each of its sub-parts, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT II
## Violation of Florida Statute 448.110

52. Defendant incorporates by reference its answers and denials to paragraphs 1 through 52 as if fully set forth herein.

53. Defendant denies the allegations contained in Paragraph 53 of the Second Amended Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Second Amended Complaint.

With respect to the unnumbered WHEREFORE clause following Paragraph 54 of the Second Amended Complaint, including each of it sub-parts, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiffs seek a jury trial on all issues triable by jury, but denies that any such issues exist.

## STATEMENT OF DEFENSES

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Second Amended Complaint that has not been expressly admitted in this pleading. Below, Defendant asserts defenses to which it does not concede that it bears either a burden of proof or persuasion, and states as follows.

1. Defendant did not employ any of the named Plaintiffs or alleged similarly situated individuals.

2. The allegations contained in the Second Amended Complaint fail to state a claim for violations of 29 U.S.C. § 207, Fla. Stat. § 448.110, or any other law or statute.

3. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, in the event that Plaintiffs prevail on their claims in this action, such claims are subject to a two-year statute of limitations pursuant to 29 U.S.C. § 255(a). Defendant did not knowingly violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") or show reckless disregard for the FLSA's mandates and thus Plaintiffs cannot show that Defendant's alleged violations were willful. Indeed, all of Defendant's actions were taken in conformity with and reliance upon established rulings, administrative regulations or interpretations, and/or advice of

counsel, and, therefore, were not willful. This defense may also apply to the claims of some or all of the classes of allegedly similarly situated individuals.

4. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, Plaintiffs' claims are barred in whole or in party by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, or specific guidance provided by its District Offices. This defense may also apply to the claims of some or all of the classes of allegedly similarly situated individuals.

5. Defendant denies any liability under or within the meaning of the FLSA. To the extent that the Court determines that Defendant's acts or omissions render Defendant liable under the FLSA, Plaintiffs' claims and demand for liquidated damages are barred by 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA. Accordingly, Plaintiffs are not entitled to liquidated damages. This defense may also apply to the claims of some or all of the classes of allegedly similarly situated individuals.

6. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, overtime compensation cannot be recovered by Plaintiffs for periods of time during which Plaintiffs performed no work, including, without limitation, vacation time, sick leave, medical leave, or periods of time during which Plaintiffs was otherwise absent from work or the workplace during that week. This defense may also apply to the claims of some or all of the classes of allegedly similarly situated individuals.

7. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, Plaintiffs' claims under the FLSA are barred or limited by the doctrine of estoppel, waiver, and/or unclean hands to the extent Plaintiffs seek compensation for hours of work that contradict their prior representations regarding the hours they worked. This defense may also apply to the claims of some or all of the classes of allegedly similarly situated individuals.

8. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no damages.

9. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, Plaintiffs' claims for overtime wages fail as a matter of law either because Plaintiffs have not worked any overtime hours in a workweek or for any workweek in which Plaintiffs worked overtime hour, they were properly paid for all overtime hours worked.

10. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, some or all of the damages requested by Plaintiff are not recoverable as a matter of law.

11. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, Plaintiffs' FLSA claims are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

12. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, Plaintiffs are not entitled to any relief under the FLSA or any other statute because they were justly compensated for all time they suffered or permitted to work.

13. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, to the extent that Plaintiffs were entitled to overtime for which they were not paid,

such overtime worked by Plaintiffs beyond their compensated workweek, or any amount of unpaid wages, was *de minimis*.

14. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, any claims for compensation by Plaintiffs must be offset by any premium compensation, overpayments, bonuses, advances, commission or other job-related benefits paid or provided to Plaintiffs, including a reduction for any compensation already paid to Plaintiffs for periods not compensable under the FLSA.

15. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, Plaintiffs' FLSA claims are barred in that Defendant acted in good faith and had a policy requiring Plaintiffs to report any unpaid wages or overtime; Plaintiffs unreasonably failed to take advantage of this policy and failed to notify Defendant that they felt they were owed unpaid overtime.

16. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, to the extent that Plaintiffs are entitled to any overtime compensation whatsoever, Plaintiffs are only entitled to overtime at the half-pay rate.  Alternatively, Plaintiffs are only entitled to the federal minimum wage for any hours they claimed to be on call (if that time was compensable) and, therefore, they are only entitled to overtime at the rate of 1.5 times the federal minimum wage or, at most, 1.5 times of the weighted average of their hourly rate and the federal minimum wage.

17. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, to the extent that Plaintiffs seek to certify a collective action or collection actions pursuant to 29 U.S.C. § 216, the allegations do not comply with the requirements for a collective action and must be dismissed because any putative plaintiffs are not similarly situated and, thus cannot proceed collectively.

18. Although Defendant denies that it employed Plaintiffs and denies any liability to Plaintiffs, pursuant to the FLSA, 29 U.S.C. § 201, *et seq.* including 29 U.S.C. § 213 and 29 C.F.R. §§ 541.100(a) – 541.200(a), Plaintiffs are claims are barred to the extent they are exempted, excepted, or excluded from the coverage of the FLSA and are not entitled to any overtime compensation. This defense may also apply to the claims of some or all of the classes of allegedly similarly situated individuals.

Defendant reserves the right to assert such further defenses as are applicable as discovery in this matter progresses.

**WHEREFORE**, Defendant respectfully requests that this Court: (i) enter judgment in its favor and against Plaintiffs, and dismiss Plaintiffs' Second Amended Complaint with prejudice; (ii) award Defendant its reasonable attorneys' fees and costs associated with defending this action; and (iii) award such further relief as the Court deems just and proper.

DATED: April 6, 2020

Respectfully Submitted,

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Ft. Lauderdale, Florida 33301
Telephone: 954-728-1280
Facsimile: 954-728-1282

BY: */s/ Jonathan A. Beckerman*
Jonathan A. Beckerman, Esq.
Florida Bar No. 568252
E-mail: Jonathan.Beckerman@lewisbrisbois.com
Christopher T. Perre, Esq.
Florida Bar No. 123902
E-mail: Christopher.Perre@lewisbrisbois.com

Counsel for Defendant, Air Pros, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

/s/ *Jonathan A. Beckerman*
Jonathan A. Beckerman, Esq.

## SERVICE LIST

J. Freddy Perera, Esq.
Florida Bar No. 93625
E-mail: freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
E-mail: valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
E-mail: brody@pba-law.com
**PERERA BARNHART ALEMAN**
12401 Orange Drive, Suite 123
Davie, Florida 33330
Telephone: (786) 485-5232

Counsel for Defendant,
Air Pros Blue Star, LLC

Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com
**Gallardo Law Office, P.A.**
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000

Counsel for Plaintiffs