# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO.: 19-cv-25155-UU

**LAZARO LOPEZ, ELOY BURGUES,**
**GIAN CARLOS ARENCIBA** and
**LAZARO PEREZ**, on behalf of themselves,
individually, and on behalf of all others
similarly situated who consent to their
inclusion,

      Plaintiffs,

vs.

**ELITE HVAC GROUP, LLC,**
**AIR PROS BLUE STAR, LLC,**
**AIR PROS SOLUTIONS, LLC** and
**AIR PROS, LLC**,

      Defendants.

_____/

## DEFENDANT AIR PROS SOLUTIONS, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant, AIR PROS SOLUTIONS, LLC ("Defendant"), files its Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint [DE 52] as follows:

### JURISDICTION AND VENUE

1. Defendant admits that Plaintiffs purport to bring a legal action against Defendant but denies any wrongdoing or liability and demands strict proof thereof.

2. Defendant admits that this Court has jurisdiction over this matter but denies any wrongdoing or liability and demands strict proof thereof.

3. Defendant consents to venue in this Court but denies any wrongdoing or liability and demands strict proof thereof.

4.   Denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). *See* DE 13.

## **PARTIES**

5.   Denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). *See* DE 13.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

6.   Without knowledge as to LOPEZ's residence, therefore denied. Denied that LOPEZ ever worked for Defendant. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof

7.   Without knowledge as to BURGEUS's residence, therefore denied. Denied that BURGUES ever worked for Defendant. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof

8.   Without knowledge as to ARENCIBIA's residence, therefore denied. Denied that ARENCIBIA ever worked for Defendant. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof

9.   Without knowledge as to PEREZ's residence, therefore denied. Denied that PEREZ ever worked for Defendant. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof

10.   Without knowledge as to Plaintiffs' residences, therefore denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1,

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

2019 (the date Defendant became the employer). *See* DE 13.  Further, Defendant denies any wrongdoing or liability and demands strict proof thereof

11. Denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13.  Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

12. Denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

prior to November 1, 2019 (the date Defendant became the employer). See DE 13.  Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Admitted only to the extent this paragraph correctly states Defendant's principle address.  Apart from that, Defendant denies any wrongdoing or liability and demands strict proof thereof.

16. Denied.

17. Admitted.

18. Denied.

19. Without knowledge as to the annual gross collective income of the co-defendants, therefore denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Denied.

23. Denied.

## CLASS DEFINITIONS

24. Admit that Plaintiffs attempt to bring such a claim against Defendant but denied as to any wrongdoing or liability and demands strict proof thereof.  Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action. Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria

Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13.  Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

25. Denied.

26. Without knowledge as to Plaintiffs' beliefs, therefore denied.

27. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

**GENERAL ALLEGATIONS**

28. Denied.

29. Denied.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

34. Admit that Plaintiffs attempt to bring such a claim against Defendant but denied as to any wrongdoing or liability and demands strict proof thereof. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action. Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega. However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

35. Denied.

36. Denied.

37. Without knowledge as to Plaintiffs' belief, therefore denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action. Specifically, Defendant only employed (or still employs) the following individuals:

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13.  Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

38. Denied.

39. Denied (including all subparts). Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13.  Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

40. Denied.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

41. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

42. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

43. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

44. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

45. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

## <u>COUNT I</u>
## <u>Failure to Pay Overtime Compensation in Violation of the FLSA 29 U.S.C. § 207</u>

46.     Defendant incorporates by reference its answers and denials to paragraphs 1 through 45 as if fully set forth herein.

47. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

48. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

49. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13.

Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

50. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

51. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to any relief in the Wherefore Clause, including all subparts, and demands strict proof thereof.

### COUNT II
### Violation of Florida Statute 138.110

52.     Defendant incorporates by reference its answers and denials to paragraphs 1 through 49 as if fully set forth herein.

53. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

54. Denied. Further, denied where Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action.  Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). See DE 13. Further, Defendant denies any wrongdoing or liability and demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to any relief in the Wherefore Clause, including all subparts, and demands strict proof thereof.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving the above denials, Defendant alleges the following further and separate defenses and affirmative defenses. In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

### First Affirmative Defense

Plaintiffs' claims are barred as Defendant did not employ all the Plaintiffs, inclusive of Opt-In Plaintiffs, that are part of this action. Specifically, Defendant only employed (or still employs) the following individuals: Alfredo Justiz, Antonio Atiles, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Jimmy Velazquez, Jorge Cruz, Jose Mejia, Jose Mejia, Jose Quesada, Juan Arguez, Manfred Oliva, Maria Aguilar, Yosbel Milan, Terrance Gaines, Roger Brooks, Rodolfo Torres, Ramon Jiron, Raul Gimenez, Ismely Alonso, Myriam Arreaga, and Misael Noriega.  However, Defendant denies any claims asserted against it as it pertains to these plaintiffs where none of these plaintiffs filed claims, or otherwise alerted the Court to claims, in

connection to their employment with Defendant as all the wage and hour claims asserted in this action arise prior to November 1, 2019 (the date Defendant became the employer). *See* DE 13.

### Second Affirmative Defense

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant. (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs' claims are barred, in whole or in part, because their own acts or omissions caused or contributed to any alleged losses or injuries.

### Third Affirmative Defense

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant. (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs failed to mitigate their damages.

### Fourth Affirmative Defense

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant. (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs' FLSA claims are barred in that the Defendant acted in good faith and had a policy requiring Plaintiffs to report any unpaid wages or overtime; Plaintiffs unreasonably failed to take

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

advantage of this policy and failed to notify Defendant that they felt they were owed unpaid overtime.

### Fifth Affirmative Defense

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant.  (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs are barred from the relief Plaintiffs seek by virtue of the following:

> A. The doctrine of estoppel.
>
> B. The doctrine of waiver.
>
> C. The improper actions of Plaintiffs in failing to comply with the Defendant's policies and the directives of their superiors.

If the facts reveal that Plaintiffs engaged in efforts to alter their time record or the time records of others, intentionally furnished false data to Defendant regarding their work activities or time worked, intentionally understated their time worked, failed to report time worked during their employment, or in any other way violated the established policies of Defendant with regard to employment or timekeeping practices, Plaintiffs should be estopped from recovering on any claim related to such violation of policy or from asserting a claim for liquidated damages. For the same reason, Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Sixth Affirmative Defense

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant.  (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Defendant is relieved of any liability to Plaintiffs due to Defendant's good faith conformance and reliance on a written order, ruling, approval or interpretation by the Administrator of the Wage/Hour Division, Department of Labor and other relevant authorities.

### Seventh Affirmative Defense

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant.  (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs are not entitled to recover liquidated damages, costs, or attorney's fees because Defendant acted in good faith and at no time during Plaintiffs' employment or thereafter until the filing of this lawsuit did Plaintiffs ever allege or bring to Defendant's attention the fact that Plaintiffs felt they were owed any overtime pay for which Plaintiffs were not paid.

### Eighth Affirmative Defense

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant.  (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, any recovery by Plaintiffs and/or Plaintiffs' damages, if any, must be offset by (1) any amounts the Defendant paid Plaintiffs for hours which were not actually worked by Plaintiffs; (2) any other overpayments made by Defendant to Plaintiffs; and (3) any amounts or benefits paid to Plaintiffs for lost wages, compensatory damages or fees from any other source.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

**Ninth Affirmative Defense**

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant.  (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, to the extent Plaintiffs were entitled to overtime and were not paid, such overtime worked by Plaintiffs beyond their compensated workweek, or any amount of unpaid wages, was *de minimis*.

**Tenth Affirmative Defense**

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant.  (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, if Plaintiffs were entitled to overtime, Plaintiffs are only entitled to overtime at the half-pay rate. Alternatively, Plaintiffs are only entitled to the federal minimum wage for any hours they claimed to be on call (if that time was compensable) and, therefore, they are only entitled to overtime at the rate of 1.5 times the federal minimum wage or, at most, 1.5 times of the weighted average of their hourly rate and the federal minimum wage.

**Eleventh Affirmative Defense**

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant.  (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs' claims are barred, in whole or in part, on the basis that, in the event Defendant violated

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

the FLSA, Defendants' actions and/or the actions of its agents or employees were taken in good faith and were neither willful nor reckless.

### Twelfth Affirmative Defense

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant. (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs' claims for overtime wages fail as a matter of law either because Plaintiffs have not worked any overtime hours in a workweek or for any workweek in which Plaintiffs worked overtime hour, they were properly paid for all overtime hours worked.

### Thirteenth Affirmative Defense

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant. (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiffs have failed to meet the necessary standard for an award of liquidated damages and are therefore not entitled to an award of liquidated damages as any violation of the FLSA was the result of a good faith belief that Plaintiffs were paid all of the money to which they were entitled.

### Fourteenth Affirmative Defense

Defendant denies it employed all of the Plaintiffs in this action and any plaintiffs employed by Defendant are not seeking damages in this action as part of his or her employment with Defendant. (*see* Defendant's First Affirmative Defense). Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives,

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

Plaintiffs are not entitled to any relief under the FLSA because they were justly compensated for all time they suffered or permitted to work.

**WHEREFORE**, Defendant respectfully requests that this Court: (i) Enter judgment in its favor and against Plaintiffs; (ii) Award Defendant the costs of suit herein; (iii) Award Defendant its reasonable attorney's fees as may be determined by the Court; and (iv) Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted on April 20, 2020.

> _/s/ **Brody M. Shuilman**_
> Valerie Barnhart, Esq.
> Florida Bar No. 88549
> E-mail: _valerie@pba-law.com_
> Brody M. Shulman, Esq.
> Florida Bar No. 092013
> E-mail: _brody@pba-law.com_
>
> **PERERA BARNHART ALEMAN**
> 12401 Orange Drive, Suite 123
> Davie, FL 33330
> Telephone: (786) 485-5232
> _Attorneys for Defendants Air Pros Blue Star, LLC_
> _and Air Pros Solutions, LLC_

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

*/s/ **Brody M. Shulman***
Valerie Barnhart, Esq.
Florida Bar No. 88549
E-mail: *valerie@pba-law.com*
Brody M. Shulman, Esq.
Florida Bar No. 092013
E-mail: *brody@pba-law.com*
**PERERA BARNHART ALEMAN**
12401 Orange Drive, Suite 123
Davie, FL 33330
Telephone: (786) 485-5232
*Attorneys for Defendants Air Pros Blue Star, LLC*
*and Air Pros Solutions, LLC*

## SERVICE LIST
### United States District Court for the Southern District of Florida
***Lazaro Lopez, et al. v. Solar Bear Services, LLC, et. al.***
### CASE NO.: 19-CV-25155-UU

Jonathan Beckerman, Esq.
Christopher T. Perré, Esq.
Lewis Brisbois Bisgaard & Smith LLP
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954-728-1280
Facsimile: 954-728-1282
*Attorneys for Defendant Air Pros, LLC*

Elvis J. Adan, Esq.
Email: elvis.adan@gallardolawyers.com
Gallardo Law Office, P.A.
8492 SW 8th Street
Miami, Florida 33113
Telephone: (305) 261-7000
Facsimile: (305) 261-0088
*Attorneys for Plaintiffs*

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232